IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **MEDICAL AIR SERVICES ASSOCIATION, INC.,** § § § | | |
| *Plaintiff,* § § | **Civil Action No. _____** | |
| v. § § | | |
| **CAREFLITE,** § § | **JURY TRIAL DEMANDED** | |
| *Defendant.* § § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Medical Air Services Association, Inc. ("MASA" or "Plaintiff") files this Original Complaint against Defendant CareFlite ("CareFlite" or "Defendant"), and in support thereof would respectfully show the Court the following:

### I.
### THE PARTIES

1. Plaintiff Medical Air Services Association, Inc. is an Oklahoma corporation with its principal place of business at 1250 S. Pine Island Road Suite 500, Plantation, Florida 33324.

2. Defendant CareFlite is a Texas non-profit corporation with its principal place of business at 3110 S. Great Southwest Pkwy., Grand Prairie, Texas 75052. CareFlite may be served with process by serving its registered agent, James C. Swartz, at 3110 S. Great Southwest Pkwy., Grand Prairie, Texas 75052.

### II.
### JURISDICTION; VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. As alleged above, there is complete diversity of citizenship between the parties in this case. In addition, Plaintiff's damages in this lawsuit exceed $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant because Defendant is a Texas non-profit corporation with its principal place of business in Tarrant County, Texas.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant resides in the District and Division encompassed by this Court.

## III.
## FACTUAL BACKGROUND

6. Plaintiff sells memberships that provide pre-paid medical emergency transport solutions. Defendant is a medical transport company that offers medical transports in helicopters, airplanes, and ground ambulances. Like Plaintiff, Defendant offers a membership program. Defendant claims that its membership program "protects families against surprise or balance billing after transports."[1]

7. Plaintiff regularly hosts informational seminars across the State of Texas. The seminars are free and open to the public for any prospective member to learn more about emergency medical transportation and ask any questions they may have about a membership with MASA. Seminars are lunch-and-learn presentations at which a MASA representative conducts a presentation to those that attend highlighting the benefits of a MASA membership. One such seminar was held in Hillsboro, Texas on February 4–5, 2021.

8. On or about February 1, 2021, Defendant wrote, authored and/or published via the U.S. mail false, untrue, libelous, defamatory and scandalous statements about Plaintiff in a "Public Notice," a copy of which is attached as Exhibit A and incorporated as if fully-restated herein (the "Disparaging Mailer"), which includes the following without limitation:

> MASA and its ownership are defendants in a class action law suit that alleges "widespread fraudulent business practices." The case is being heard in the Federal

---

[1] *See* https://www.careflite.org/AboutUs.aspx.

District Court for the District of Wyoming. The case number is: 18-CU-71-SWS. Google the case number if you are interested in reading it.



**Class Action Law Suit:** MASA and its ownership are defendants in a class action law suit that alleges "widespread fraudulent business practices". The case is being heard in the Federal District Court for the District of Wyoming. The case number is: **18-CU-71-SWS**. Google the case number if you are interested in reading it. The case has not yet gone to trial and the defendants are innocent until proven guilty. Settlement talks are currently ongoing.

As the saying goes, "Buyer Beware."

**CareFlite**
*Making precious minutes count since 1979*

9. Many of the statements in the Disparaging Mailer are demonstrably and verifiably false. Plaintiff asks the Court to take judicial notice of the pleadings in the class action lawsuit referenced in Exhibit A, Civil Action No. 18-CV-71-SWS in the United States District Court for the District of Wyoming (the "Class Action"). As reflected in the Class Action's case style below

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

ROBERT A. ZIEGLER; GARTH YATES, )
INDIVIDUALLY AND ON BEHALF OF )
A CLASS OF SIMILARLY SITUATED )
PERSONS, )
                                          )
    Plaintiffs, )
                                          )
v.                                        )   Civil Action No.: 18-CV-71-SWS
                                          )
RICHARD P. DALE, JR.; BUFFETT )
SENIOR HEALTHCARE CORP.; SENIOR )
HEALTHCARE PARTNERS, INC.; RJR )
INSURANCE SERVICES, INC. )
                                          )
    Defendants. )

**FOURTH AMENDED INDIVIDUAL AND CLASS ACTION COMPLAINT AND
DEMAND FOR JURY TRIAL**

and the publicly-available pleadings, MASA is not and never has been a defendant in the Class Action—as Defendant falsely alleges in the Disparaging Mailer. Nor is MASA owned or controlled by any of the individual or entity defendants in the Class Action.

10. CareFlite mailed the Disparaging Mailer to at least 634 households in zip code 76692. The Disparaging Mailer had a negative impact on the Hillsboro seminar. Upon information and belief, Plaintiff has reason to believe that (a) Defendant intends to continue to engage in its commercially predatory campaign to damage Plaintiff and harm its prospective and current business relationships; and (b) Defendant has published other defamatory statements regarding MASA aside from the Disparaging Mailer.

## IV.
## CAUSES OF ACTION

**A.   Defamation Per Se**

11. Plaintiff re-alleges the above allegations as though fully set forth herein.

12. On or around February 1, 2021—in advance of Plaintiff's February 4, 2021 seminar in Hillsboro, Texas—Defendant mailed and/or published to residents in the surrounding area the Disparaging Mailer attached hereto as Exhibit A. The Disparaging Mailer falsely alleges, in part, that Plaintiff's seminars are conducted in a "high-pressure selling environment because of the high cost of [MASA's] 'membership' program." *See* Ex. A. The Disparaging Mailer also falsely alleges that "MASA and its ownership are defendants in a class action law suit that alleges 'widespread fraudulent business practices.'" *See id.* Both of these statements are false.

13. The words in the Disparaging Mailer, taken as a whole or considered alone, use false statements to cast MASA, its products, memberships, employees, and business in a negative light by alleging that it engages in fraudulent business practices and directly alleges that it is a defendant in a class action lawsuit based on those same allegations. *See id.*

14. The words in the Disparaging Mailer are false and adversely reflect on Plaintiff's fitness to conduct its business or trade and exposed Plaintiff to public contempt, ridicule, and financial injury.

15. The words in the Disparaging Mailer were read by third persons, and upon information and belief, were widely circulated throughout MASA's business area. The words in the Disparaging Mailer are defamatory *per se* because they have a tendency to injure Plaintiff since they accuse Plaintiff of unlawful and fraudulent business practices thus jeopardizing Plaintiff's relationship with its current and prospective members. The words in the Disparaging Mailer were understood to be derogatory by anyone who read them. Accordingly, Plaintiff is entitled to an award of damages without proof.

16. As a direct and proximate result of the defamation and conduct as herein alleged, Plaintiff has sustained damages and will continue to sustain damages in the future, based on injury to its reputation and through lost opportunities to continue its existing and prospective business relationships with other individuals and/or companies. The exact amount of such damages is unknown at this time, but exceeds $75,000.00 and is within the jurisdiction of this Court. Plaintiff will seek leave to amend this Complaint when the amount of such damages has been ascertained.

17. In engaging in the conduct alleged herein, Defendant acted with malice, fraud and oppression and/or in conscious disregard of Plaintiff's rights, and with specific intent to cause substantial injury or harm to Plaintiff, thereby warranting an award of punitive and exemplary damages in an amount sufficient to punish Defendant and deter others from engaging in similar conduct.

**B.     Defamation Per Quod**

18. Plaintiff re-alleges the above allegations as though fully set forth herein.

19. Alternatively and at a minimum, Defendant has acted negligently in authoring and/or publishing the words in the Disparaging Mailer. And Plaintiff has suffered damages as a result of Defendant's publication and dissemination of the Disparaging Mailer.

**C.  Business Disparagement**

20. Plaintiff re-alleges the above allegations as though fully set forth herein.

21. The words in the Disparaging Mailer are verifiably false and derogatory and were published by Defendant to third-parties. The words in the Disparaging Mailer are defamatory *per se* because they have a tendency to injure Plaintiff since they accuse Plaintiff of unlawful and fraudulent business practices thus jeopardizing Plaintiff's relationship with its current and prospective members. The words in the Disparaging Mailer were understood to be derogatory by anyone who read them.

22. Defendant knew the words in the Disparaging Mailer were false, and/or acted with reckless disregard concerning the truth or falsity of the Disparaging Mailer, and/or acted with ill will or intended to interfere with Plaintiff's economic interests in an unprivileged fashion.

23. By reason of the foregoing, Plaintiff is entitled to damages, including but not limited to punitive and exemplary damages because Defendant has made statements that disparage Plaintiff's economic interests.

**D.  Tortious Interference With Prospective Relations**

24. Plaintiff re-alleges the above allegations as though fully set forth herein.

25. Upon information and belief, Defendant's independently wrongful and unlawful acts complained of herein, including without limitation the authorship and publication of the Disparaging Mailer, has prevented Plaintiff from entering into contractual relationships with parties with whom it is reasonably probably that Plaintiff would otherwise have contracted.

26. Defendant engaged in the independently wrongful and unlawful acts complained of herein with a conscious desire to prevent these relationships from occurring. Defendant knew that such interference was certain or substantially certain to occur as a result of its conduct.

27. Upon information and belief, Plaintiff has suffered harm or damages as a result of Defendant's interference, in an amount to be proved at trial.

## V.
## DEMAND FOR JURY TRIAL

28. Plaintiff demands that this matter be tried to a jury.

## VI.
## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For an order directing Defendant to:

    a. Retract and remove all disparaging statements from all forms of publication;

    b. Cease and desist from further publication or dissemination of the disparaging statements, whether orally or in writing, and in all forms or media whatsoever;

2. For general damages according to proof;

3. For special damages according to proof;

4. For punitive and exemplary damages according to proof;

5. For pre-judgment and post-judgment interest as provided by law;

6. For costs of suit incurred herein;

7. For reasonable attorneys' fees; and

8. For such other relief as the Court deems proper.

Respectfully submitted,

By: */s/ Jay K. Wieser*
Jay K. Wieser
State Bar No. 24060826
jwieser@jw.com
Allison B. Allman
State Bar No. 24094023
aallman@jw.com
**JACKSON WALKER, LLP**
777 Main Street, Suite 2100
Fort Worth, Texas 76102
Telephone: (817) 334-7200
Facsimile: (817) 334-7290

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2021, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court for the Northern District of Texas, using the electronic filing system of the court.

*/s/ Jay K. Wieser*
Jay K. Wieser